UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIROSKA SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No.  1:23-cv-00660-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING**<br><br>(Doc. 18)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 10, 16) |

**INTRODUCTION**

Plaintiff Piroska Smith ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on (1) Plaintiff's motion for leave to file a supplemental pleading; and (2) Plaintiff's motion for summary

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

judgment. The motions were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING

This matter is fully briefed. On April 21, 2024, Plaintiff filed a motion for leave to file a supplemental brief pursuant to Local rule 230(m). (Doc. 18.) With two exceptions not applicable here, Local Rule 230(m) provides that "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval," L.R. 230(m). By the motion, Plaintiff requests leave to file a motion for judicial notice of certain contents of the Federal Register. (Doc. 18 at 2.) Plaintiff believes that a motion for judicial notice is necessary "due to impending regulatory changes recently announced in the Federal Register," which relate to the classification of past relevant work. (Doc. 18 at 2.) Plaintiff claims that taking judicial notice may materially alter the outcome of this case. (*Id.*) The Commissioner opposed the request. (Doc. 20.)

Having considered the parties' briefing and arguments, Plaintiff's motion for leave to file a supplemental brief will be denied. As the Commissioner points out, Plaintiff provides no citation to any specific regulatory change that she claims is relevant to this proceeding. Plaintiff also does not explain how or whether any such "impending regulatory change" would be applicable to the March 2023 decision of the Administrative Law Judge ("ALJ"), which is at issue here. *See* AR 14-27.[3] "Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F. Supp. 3d 1079, 1084 (C.D. Cal. 2017) (citations omitted); *accord Hernandez v. Saul*, No. 1:18-cv-00895-SKO, 2019 WL 275256, at *9 (E.D. Cal. July 1, 2019) (concluding court's evaluation of the ALJ's determination at step three limited to the listings that were in effect at the time of ALJ's determination). For these reasons, the Court does not find supplemental briefing necessary or warranted.

---

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 8, 11, 12.)

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

## MOTION FOR SUMMARY JUDGMENT

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and is based upon proper legal standards. Accordingly, this Court will deny Plaintiff's motion for summary judgment and grant the Commissioner's request to affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on September 20, 2021. AR 312-19. Plaintiff alleged she became disabled on August 10, 2020, due to atrial fibrillation, arthritis in left knee, back injury, broken left wrist, chronic pain, anxiety, suicidal thoughts, and constant pain. AR 353. Plaintiff's applications were denied initially and on reconsideration. AR 197-200, 211-15. Subsequently, Plaintiff requested a hearing before an ALJ. Following a hearing, ALJ Mary Parnow issued a decision denying benefits on March 1, 2023. AR 14-27, 33-52. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied. AR 1-5. This appeal followed.

### Hearing Testimony and Medical Record

To the extent applicable, the hearing testimony and medical record will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

As a preliminary matter, the ALJ noted that Plaintiff previously filed a Title XVI application on April 30, 2016. AR 17. The ALJ further noted that Plaintiff was denied by ALJ Robert Erickson on September 3, 2019, and summarized ALJ Erickson's decision and findings. AR 17. According to the record, ALJ Erickson issued a decision on September 3, 2019, concluding that Plaintiff was not disabled. AR 129-142. Judge Erickson found that Plaintiff had the following impairments: degenerative joint disease right knee, obesity, atrial fibrillation with episodic supraventricular tachycardia, and learning disorder with borderline intellectual functioning. AR 134-35. With these impairments, ALJ Erickson opined that Plaintiff retained the RFC to perform less than the full range of medium work, except she could lift and carry 50 pounds and 25 pounds occasionally, could stand and walk 6 hours out of an 8-hour workday, could sit 6 hours out of an 8-hour workday, could occasionally climb ladders, ropes, or scaffolding, could frequently climb ramps or stairs, could

frequently stoop, was capable of constant simple routine tasks with occasional interaction with the public, and must avoid concentrated exposure to hazardous work environments, unprotected heights, and moving machinery. AR 136-41. ALJ Erickson found that Plaintiff had no past relevant work. However, with this RFC, ALJ Erickson concluded that there were other jobs in the national economy that Plaintiff could perform. AR 141-42.

After summarizing ALJ Erickson's decision, the ALJ acknowledged the presumption of continuing nondisability based on *Chavez v. Bowen, infra*. The ALJ further acknowledged that she "must adopt the findings from the prior decision unless there is new and material evidence relating to such findings." AR 17. The ALJ found that there was "no new and material evidence relating to the findings from the prior decision," and that Plaintiff had not "overcome the presumption of nondisability." AR 17. The ALJ then considered Plaintiff's application under the Social Security Administration's five-step sequential evaluation process.

Applying that process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 17-27. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 20, 2021, her application date. AR 20. The ALJ identified the following severe impairments: degenerative joint disease right knee, disorder of the skeletal spine, obesity, learning disorder, and borderline intellectual functioning. AR 20. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 20-22.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except she could frequently climb ramps/stairs, but was precluded from climbing ladders, ropes, or scaffolds. She could have unlimited balancing, no more than frequent stooping, kneeling, crouching, and crawling, and must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. She was preluded from work involving complex and detailed tasks, but remained capable of performing simple work, and could understand, remember, and carry out simple tasks with occasional interaction with the public. AR 22-27. With this RFC, the ALJ determined that Plaintiff could perform her past relevant work as a housekeeping cleaner, Dictionary of Occupational Titles ("DOT") No. 323.687-014. AR 27. The ALJ therefore

concluded that Plaintiff had not been under a disability since September 20, 2021, the date the application was filed.  AR 35.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# DISCUSSION[4]

Citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), Plaintiff argues the ALJ erred by failing to adopt ALJ Erickson's prior finding that she has no past relevant work, and instead finding that Plaintiff has past relevant work as a "housekeeping cleaner." (Doc. 10 at 9-10.) In that regard, she asserts that "proper application of res judicata to ALJ Erickson's 2019 findings would have led to a finding of disability under the medical-vocational guidelines, known as the grids." (Doc. 10 at 7.) Plaintiff argues that the ALJ "*explicitly found* that 'there is no new and material evidence relating to the findings from the prior decision,'" she "never even attempted to reopen ALJ Erickson's 2019 decision," and therefore ALJ Erickson's findings regarding Plaintiff's past work are final and binding. (Doc. 10 at 10 (emphasis in original).) The Commissioner counters that *Chavez* did not preclude the ALJ from reopening the prior determination regarding Plaintiff's past relevant work because the ALJ had new and material evidence that undermined ALJ Erickson's determination. (Doc. 16 at 4.)

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693. As the Ninth Circuit explained in *Chavez*, the "first administrative law judge's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some res judicata consideration in subsequent proceedings." *Id.* at 694. Those prior findings cannot be reopened or reconsidered by a subsequent judge absent new information not presented to the first judge. *Id.* (absent any "new" information not presented to the first ALJ, the second ALJ "could not reopen the prior determinations concerning the claimant's ability to perform his past relevant work"); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) ("[A] previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge."); *Mejia D. v. O'malley*, No. 2:22-cv-07336-PD, 2024 WL 776580, at *6 (C.D. Cal. Feb. 26, 2024) ("Under *Chavez*, the previous ALJ's findings regarding

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

Plaintiff's RFC, education, and work experience should not be disturbed unless Plaintiff presents new and material evidence that implicates those findings."); Acquiescence Ruling 97–4(9) ( "Adjudicators must adopt [the] finding[s] from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding.").

Here, the record reflects that the ALJ was presented with new and material evidence that ALJ Erickson did not have or consider regarding Plaintiff's past relevant work. Namely, Plaintiff submitted a Work History Report dated November 4, 2019, which was after the issuance of ALJ Erickson's decision in September 2019. AR 338-351. The report identified Plaintiff's previous employment and an estimate of the hours and pay for each previous job. *Cf. Marlon C. v. Saul*, No. 2:18-cv-05409-AFM, 2019 WL 3818202, at *3 (C.D. Cal. Aug. 14, 2019) (determining that certified earnings record and detailed earnings query which the prior ALJ did not have or consider qualified as "new and material evidence" that rebutted application of *Chavez* res judicata principles to the first ALJ's past relevant work finding).

In the relevant 2023 decision, the ALJ identified Plaintiff's testimony that she last worked in 2009 (AR 38), yet noted there were no substantial gainful activity ("SGA") earnings on the Detailed Earnings Query.[5] AR 27, 325-26. However, the ALJ cited Plaintiff's allegations in her Work History Report that she worked (from May 2007) through June 2009 as a housekeeper at Resort Water Sports, Inc. for 28 hours a week at $9.00 an hour, which is equal to $1008 a month. AR 27, 340, 342. The ALJ considered that the substantial gainful activity level for 2009 was set at $980 monthly. AR 27; *Smith v. Berryhill*, No. CV 17-444 JC, 2017 WL 6541810, at *3 (C.D. Cal. Dec. 20, 2017) (citations omitted) (identifying that "for 2009, an employee would be presumed to have engaged in work at an SGA level in a particular month if her average monthly earnings exceeded $980"). The ALJ therefore concluded that this housekeeping job, which exceeded the 2009 level, was substantial gainful activity ("SGA"). AR 27; *see* 20 C.F.R. § 416.974(a)(1) ("Your earnings may show you have done substantial gainful activity,"); *see also Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a

---

[5] This is consistent with the Certified Earnings and Summary Earnings records. AR 327-30.

7

presumptive . . . sign of whether a job is substantial gainful activity.")  A job qualifies as past relevant work only if it involved substantial gainful activity.  *Lewis*, 236 F.3d at 515.  The VE classified this past work as a "housekeeping cleaner," at the light exertional level per the DOT and sometimes performed at the medium level.  AR 27, 49.

Based on the above, the Court concludes that Plaintiff's testimony and her Work History Report qualify as new and material evidence and the ALJ was not required to apply *Chavez* res judicata principles to the prior ALJ's finding of no past relevant work.  *Cf. Arnott v. O'Malley*, No. 23-15814, 2024 WL 2237720, at *1 (9th Cir. May 17, 2024) ("The ALJ was entitled to reject the job classifications that the prior ALJ used for Arnott's past relevant work because there was new and material evidence to support different job classifications—specifically, testimony by Arnott and by vocational experts."); *Marlon C.*, 2019 WL 3818202, at *3 (concluding that certified earnings record and detailed earnings query qualified as "new and material" evidence "that rebut application of *Chavez* res judicata principles to Plaintiff's vocational profile, and to the extent [the second ALJ] applied res judicata principles to the first ALJ's past relevant work finding, that was error").

Plaintiff correctly points out that the ALJ stated that there was "no new and material evidence relating to the findings from the prior the decision."  AR 18.  As detailed above, the ALJ erred in stating that there was no new and material evidence.  However, this error was harmless.  The ALJ's finding that there was no new and material evidence was inconsequential because it did not end or control her evaluation of Plaintiff's claim.  *Cf. Arnott*, 2024 WL 2237720, at *1 (9th Cir. May 17, 2024) (concluding ALJ's error in stating that there were no changed circumstances under *Chavez* was harmless; agreeing with the district court that it "was inconsequential because it did not end or control [the ALJ's] evaluation of Plaintiff's claim"); *see also Tunstall v. Berryhill*, No. 1:17-cv-00922-BAM, 2019 WL 1170480, at *4 (E.D. Cal. Mar. 13, 2019) (concluding ALJ erred in giving res judicata effect to prior ALJ's unfavorable decision, but error harmless where ALJ proceeded with the traditional five-step approach and considered new evidence that did not exist at the time of the prior ALJ's decision); *Christina A. v. Berryhill*, No. 18-CV-04803-NC, 2019 WL 1545188, at *5 (N.D. Cal. Apr. 9, 2019) (concluding ALJ's statement applying res judicata was harmless error because ALJ conducted review of medical records and testimony to make independent nondisability finding).  Here, based on a

review of the entire record, the ALJ considered the Social Security Administration's five-step sequential evaluation process and found that Plaintiff retained the RFC to perform medium work, with certain limitations. Plaintiff does not specifically challenge the ALJ's RFC finding. With this RFC, the ALJ determined at step four of the sequential evaluation that Plaintiff could perform her past relevant work.

In her reply brief, Plaintiff raises two new arguments: (1) the ALJ was prohibited from reopening the 2019 decision, because a prior Title XVI determination may only be reopened for "good cause" within two years, citing 20 C.F.R. § 416.1488(b), (Doc. 17 at 2-3); and (2) even if the ALJ could have reopened the 2019 decision, the finding that Plaintiff could perform her past work as a housekeeping cleaner as generally performed is "clearly in error, as the occupation referenced by ALJ Parnow was actually a composite job," (Doc.17 at 3). Plaintiff did not raise either of these arguments until her reply brief, and has therefore waived them. *See Yelovich v. Colvin*, 532 F. App'x 700, 702 (9th Cir. 2013) ("Yelovich did not raise this argument with specificity until his reply brief, and has therefore waived it."); *Daniel v. Comm'r of Soc. Sec.*, No. 1:21-cv-01527-SAB, 2023 WL 1420590, at *18 n.11 (E.D. Cal. Jan. 31, 2023) (citing *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991) ("[A]rguments raised for the first time in reply briefs are ordinarily waived, given the lack of opportunity for the other party to respond to them."); *Sexton v. Comm'r of Soc. Sec.*, No. 1:21-cv-00379-EPG, 2022 WL 1471083, at *7 n.5 (E.D. Cal. May 10, 2022) (concluding plaintiff improperly raised argument for the first time in her reply brief, thus depriving defendant of an opportunity to respond to it); *Clausen v. Comm'r of Soc. Sec.*, No. 1:17-CV-01484-SAB, 2019 WL 498989, at *15 n.6 (E.D. Cal. Feb. 8, 2019) (concluding plaintiff had waived argument by failing to raise it in her opening brief); *Nicoleta S. v. Saul*, No. CV 20-5365-PLA, 2021 WL 663122, at *8 (C.D. Cal. Feb. 19, 2021) ("To the extent plaintiff is raising a new argument in her reply, her contentions are waived and the Court need not consider them.").

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file a supplemental pleading (Doc. 18) is **DENIED**.
2. Plaintiff's motion for summary judgment (Doc. 10) is **DENIED**.
3. The Commissioner's request to affirm the agency's determination (Doc. 16) is **GRANTED**.
4. The Clerk of this Court is directed to enter judgment in favor of Defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Piroska Smith, and to close this case.

IT IS SO ORDERED.

Dated:   **September 19, 2024**          /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE

10